# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES EDWARD JONES**,<br><br>            Petitioner,<br><br>vs.<br><br>**RANDEE REWERTS**,<br><br>            Respondent. | 2:22-CV-11854-TGB-KGA<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1);**<br><br>**DENYING CERTIFICATE OF APPEALABILITY;**<br><br>**AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS** |

Petitioner James Edward Jones, an inmate confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In his pro se application, Jones challenges his 2018 jury trial conviction of third-degree criminal sexual conduct.

Presently before the Court is Respondent's motion to dismiss, asserting that the petition was untimely filed under 28 U.S.C. § 2244(d). ECF No. 6. Jones filed a response, arguing that State action prevented him from timely filing his petition and that he is entitled to equitable tolling. ECF No. 8. For the reasons below, Respondent's motion to dismiss is **GRANTED**, and the case is **DISMISSED with prejudice**.

I.   BACKGROUND

Following Jones's conviction in the Bay Circuit Court, he filed an appeal as of right in the Michigan Court of Appeals. On March 12, 2020, the Court of Appeals affirmed in an unpublished opinion. *People v. Jones*, No. 345742, 2020 WL 1233728 (Mich. Ct. App. Mar. 3, 2020).

On April 28, 2020, Jones filed an application for leave to appeal in the Michigan Supreme Court. ECF No. 7-9, PageID.581. On March 24, 2021, the Michigan Supreme Court denied leave to appeal. *People v. Jones*, 955 N.W.2d 896 (Mich. 2021) (unpublished table decision). Ninety days after leave to appeal was denied, Jones's conviction became final, and the one-year statute of limitations for filing his federal habeas petition began running under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Jones claims that he did not receive the Michigan Supreme Court's order denying leave to appeal, and therefore did not know that his conviction had become final and that the one-year federal habeas deadline was triggered. On some undisclosed date, Jones eventually learned of the Michigan Supreme Court's order, and he sent a letter to the Michigan Supreme Court Clerk on March 20, 2022 inquiring "why I was not notified about the Court's ruling in my case #161275 . . . on March 24, 2021, [when it was] decided by the Supreme Court." ECF No. 7-9, PageID.630.

2

The Clerk's Office responded by letter dated March 25, 2022, that a copy of the order was mailed to Jones at his address of record when it was entered, which was the same as his current address. *Id.* at PageID.629. The Clerk's Office also reattached copies of the Michigan Court of Appeals opinion and the Michigan Supreme Court order. ECF No. 1, PageID.38; ECF No. 7-9, PageID.629.

As discussed below, the statute of limitations for filing the federal habeas petition expired on June 22, 2022, about three months after Jones sent the letter to the Michigan Supreme Court Clerk asking why he had not received the order denying leave to appeal.

On August 3, 2022, more than a month after the limitations period expired, Jones mailed his federal habeas petition to this Court for filing.

## II. LEGAL STANDARD

Though Respondent styles its pleading as a motion to dismiss, it is properly construed as a motion for summary judgment because the motion and the record before the Court include documents outside of the pleadings. *See Anderson v. Place*, No. 16-12675, 2017 WL 1549763, at *3 (E.D. Mich. May 1, 2017). Summary judgment is proper where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). In considering a motion for summary judgment, the court construes all facts in the light most favorable to the non-moving party.

3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This standard of review may be applied to habeas proceedings. *See Sanders*, 221 F.3d at 851; *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### III. DISCUSSION

There is a one-year statute of limitation for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the most common starting point, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Jones's judgment became final on direct review for statute of limitations purposes on June 22, 2021, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. *Bronaugh*, 235 F.3d at 283. The statute of limitations expired one year later under this subsection, on June 22, 2022. Jones filed his federal habeas petition on August 3, 2022—six weeks after the statute of limitations had expired.

Jones makes two related arguments refuting Respondent's contention that his habeas petition is barred by the statute of limitations. First, Jones asserts that the limitations period did not begin running until March 25, 2022, the date the Michigan Supreme Court Clerk sent him the Michigan Supreme Court's order denying leave to appeal. Jones claims that under § 2244(d)(1)(B), the limitations period only begins to

4

run after any unconstitutional State "impediment to filing an application" is removed. Second, Jones argues that he is entitled to equitable tolling for the period he did not have notice of the Michigan Supreme Court order.

### A. Whether an Unconstitutional State Impediment Prevented Jones from Timely Filing His Habeas Petition

Jones's argument that the one-year statute of limitations was triggered only after an unconstitutional State impediment was removed under § 2244(d)(1)(B) is meritless. For a State impediment to delay the commencement of the limitations period, the impediment must amount to *unconstitutional* conduct. *See Johnson v. Brewer*, No. 15-11154, 2015 WL 3652796, at *4 (E.D. Mich. 2015) ("Petitioner has not alleged that the untimely receipt of his state court decision, in itself, amounts to a constitutional violation. Nor is the Court aware of any case so holding."). Even if it is true that the Michigan Supreme Court Clerk failed to mail a copy of the order to Jones, there is no authority standing for the proposition (and Jones cites none) that such a failure amounts to a constitutional violation. Accordingly, Jones is not entitled to rely on § 2244(d)(1)(B) as the starting point for the statute of limitations.

### B. Whether Jones Can Invoke Equitable Tolling

Jones's argument is better conceptualized as one seeking equitable tolling. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir.

5

2010). Federal courts may equitably toll the limitations period where "extraordinary" circumstances are present. *Holland v. Florida*, 560 U.S. 631, 651–52 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Furthermore, to be entitled to equitable tolling, a habeas petitioner must also demonstrate a causal link between the extraordinary circumstance and the untimely filing. *See Robertson*, 624 F.3d at 785.

Jones has not met his burden of establishing the existence of an exceptional circumstance. Jones contends that he did not receive the Michigan Supreme Court order, but he fails to offer any convincing support for this assertion. The letter from the Michigan Supreme Court Clerk indicates that it did send Jones a copy of the order when it was entered. And Jones's letter of inquiry to the Clerk suggests that he already knew that his application had been denied. However, Jones fails to explain when or how he learned of the order's contents while purporting to never have received it. Moreover, Jones provides a copy of a record showing that he received the responsive letter from the Michigan Supreme Court Clerk on March 30, 2022. But the relevant question is whether Jones can demonstrate that he did not receive any legal mail in

6

the days following the initial entry of the order in March 2021. Jones has not made any such showing.

But even if the Court resolves the factual dispute as to whether Jones was timely sent the order in his favor, he nevertheless fails to demonstrate entitlement to equitable tolling. As noted, to be entitled to equitable tolling, a habeas petitioner must show that he pursued his rights diligently. *Pace*, 544 U.S. at 418.

Specifically, in assessing whether a habeas petitioner is entitled to equitable tolling based on untimely notice of the state court decision that triggered the statute of limitations, courts look to how quickly the petitioner acted after receiving the late notice. *See id.* at 419 (petitioner not entitled to equitable tolling in part because he "sat on [his rights] for five more months after his [state court] proceedings became final before deciding to seek relief in federal court"); *Logreira v. Sec'y Dep't Corr.*, 161 F. App'x 902, 903–04 (11th Cir. 2006) (petitioner not entitled to equitable tolling where he waited six months after learning of state court decision in his appeal before filing his federal petition); *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008) (petitioner did not act with diligence where he had fifty days remaining on limitations period upon receiving notice of state court order, but failed to timely file habeas petition); *cf. Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002) (petitioner acted with due diligence after discovery of state court order by promptly filing next

7

round of state collateral review within three weeks); *Diaz v. Kelly*, 515 F.3d 149, 155–56 (2d Cir. 2008) (petitioner entitled to equitable tolling where he filed his federal petition the day after learning that the state had denied his post-conviction motion nearly eight months before).

Here, at the latest, Jones learned that the Michigan Supreme Court had denied his application for leave to appeal sometime shortly before he sent the letter to the Michigan Supreme Court Clerk's Office on March 20, 2022. And at that point, the limitations period had not yet expired. Jones still had about three months—until June 22, 2022—to timely file his habeas petition. But instead of acting with due diligence upon learning that the deadline was fast approaching, Jones waited approximately six months to file his federal habeas petition.

The Court notes that the petition Jones ultimately filed was a fairly simple one. Jones filed out the pre-printed form petition with terse and incomplete entries. ECF No. 1. He also filed a short hand-written brief, but it was confined to addressing the timeliness issue, evidencing his subjective awareness of the deadline.

Jones's case is most comparable to *Logreira* and *Coppage*, where the habeas petitioners waited months to act after learning of the triggering state court order, rather than *Miller* and *Diaz*, where the petitioners acted with true promptness upon learning that the limitations period started running. Given the simplicity of the petition,

8

had Jones acted with due diligence, he easily could have filed within the three months he had remaining on the limitations period when the Michigan Supreme Court Clerk responded to his letter. The Court therefore concludes that Jones fails to demonstrate entitlement to equitable tolling.

Accordingly, because the habeas petition was filed after the expiration of the statute of limitations, and because Jones fails to demonstrate entitlement to equitable tolling, his petition must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is **GRANTED**, and the petition for a writ of habeas corpus is **DISMISSED with prejudice**.

After a federal court denies a habeas petition, it must determine whether the habeas petitioner is entitled to a certificate of appealability. Here, jurists of reason would not debate the Court's conclusion that the petition is subject to dismissal under the statute of limitations or that Jones fails to demonstrate entitlement to equitable tolling. Therefore, the Court **DENIES** issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Lastly, although the Court denies issuance of a certificate of appealability, the Court concludes that an appeal from this decision may

9

be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Accordingly, the Court **GRANTS** Petitioner leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

Dated: March 28, 2023        s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE